```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MUSTAPHA DARBOE, individually and on behalf
of all other persons similarly situated,
                                                    MEMORANDUM AND ORDER
                        Plaintiffs,
                                                    CV 05-4732
        -against-
                                                    (Wexler, J.)
GOODWILL INDUSTRIES OF GREATER NY &
NORTHERN NJ, INC. And REX L.
DAVIDSON, individually,
                        Defendants.
----------------------------------------------------------------X
```

APPEARANCES:

    LOCKS LAW FIRM PLLC
    BY: SETH R. LESSER, ESQ.
        FRAN L. RUDICH, ESQ.
    Attorneys for Plaintiff
    110 East 55th Street
    New York, New York 10022

    KELLEY DRYE &WARREN LLP
    BY: BARBARA E. HOEY, ESQ.
    Attorney for Defendants
    101 Park Avenue
    New York, New York 10178

WEXLER, District Judge

    In this action, brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 ("FLSA") and New York State Labor Law ("New York Labor Law"), Plaintiff seeks payment for overtime wages allegedly due and payable under both federal and state law. Plaintiff styles the action as a collective action, commenced pursuant to 29 U.S.C. § 216(b), brought on behalf of

himself and others similarly situated.

Presently before the court is the motion of Defendants, pursuant to Rules 12(b)(1) and 56 of the Federal Rules of Civil Procedure. The Rule 12(b)(1) motion seeks dismissal based upon Defendants' offer of judgment, pursuant to Rule 68 of the Federal Rules of Civil Procedure ("Rule 68"). Defendants argue that because the Rule 68 offer is in an amount that exceeds all damages Plaintiff can possibly recover, the controversy is no longer live and the action is therefore moot. The Rule 56 motion seeks summary judgment on the ground that no material issue of fact exists as to Plaintiff's status as an exempt executive who is not entitled to overtime pay under the FLSA. After outlining the facts and applicable legal principles, the court will turn to the merits of the motion.

## BACKGROUND

### I. Facts and Procedural History

Plaintiff was employed at a Goodwill retail store from December of 2004 through March of 2005. He commenced this FLSA collective action on October 7, 2005. The class identified by Plaintiff consisted of "all Goodwill non-exempt employees." After Defendants objected to the description of the class as overly broad, Plaintiff filed an amended complaint identifying the class as consisting of "all persons who are, or were formerly employed as salaried employees, by Defendants in its retail stores and who were improperly classified as exempt."

In light of the facts that: (1) Defendants raised an issue as to the proper classification of Plaintiff as either exempt or non-exempt and (2) the case was not certified as a collective action, the Magistrate Judge assigned to this case ordered discovery to proceed as to Plaintiff's individual claims only. Discovery was to conclude by July 27, 2006. Plaintiff sought, and was

granted an extension of the discovery deadline to September 27, 2006. On November 13, 2006, after the close of discovery, Defendants served Plaintiff with an Offer of Judgment, pursuant to Rule 68, in the amount of $12,500 in damages. Reasonable attorneys fees and costs were to be determined by the court. On November 27, 2006, Plaintiff rejected the Rule 68 offer.

II. Defendants' Motion

Discovery is now complete and Defendants move to dismiss and/or for the entry of summary judgment. The motion to dismiss is based upon the Rule 68 Offer of Judgment. In support of the motion, Defendants state that they have offered Plaintiff more than double the actual damages sought in this case. Defendants argue that the offer moots Plaintiff's case and thereby divests the court of subject matter jurisdiction. The summary judgment motion argues that discovery has demonstrated that Plaintiff was a store manager who was exempt from the overtime requirements of the FLSA.

Plaintiff opposes the motion to dismiss on the ground that allowing defendants to "pick off" a plaintiff in a collective action by offering him his full damages violates the policy behind the collective action procedure set forth in the FLSA. The summary judgment motion is opposed on the ground that despite facts adduced during discovery, a factual question remains as to the proper classification of Plaintiff as an exempt or non-exempt employee.

## DISCUSSION

I. The Rule 12 Motion to Dismiss

As noted, Defendants' motion to dismiss argues that Defendants' Rule 68 Offer of Judgment, which far exceeds Plaintiff's actual damages, renders this case moot and thereby deprives the court of subject matter jurisdiction. Plaintiff raises no issue regarding Defendants'

3

assertion that the damages offered exceed any amount of overtime wages sought. Given the fact that no question is raised as to the damages issue, the legal question remaining is whether the rejected Rule 68 offer renders this case moot and therefore subject to dismissal.

The Constitution limits the jurisdiction of this court to "actual cases and controversies." U.S. Const. Art. III Sec. 2. Where a defendant offers plaintiff all the relief sought, the plaintiff is said to lose his "personal stake" in litigation and the issues in the action are no longer considered "live." Fox v. Board of Trustees of State University of New York, 42 F.3d 135, 140 (2d Cir. 1994); Ambalu v. Rosenblatt, 194 F.R.D. 451, 452 (E.D.N.Y. 2000). Under these circumstances, subject matter jurisdiction ceases to exist and the case is properly dismissed. Central States Southeast and Southwest Areas Health and Welfare Fund v. Merck, 433 F.3d 181, 197-98 (2d Cir. 2005); Fox, 42 F.3d at 140. In such cases, "there is no justification for taking the time of the court and the defendant in the pursuit of minuscule individual claims which defendant has more than satisfied." Abrams v. Interco Inc., 719 F.2d 23, 32 (2d Cir. 1983); Ambalu, 194 F.R.D. at 453.

The mootness doctrine has been applied in the context of FLSA collective action overtime cases where defendants have offered the named plaintiff the full relief sought and no other parties have opted in to the action. While the Second Circuit has yet to rule on this issue, district courts in this circuit have held that a Rule 68 offer of full damages, even if rejected, renders the case moot and subject to dismissal. See Ward v. Bank of New York, 455 F. Supp.3d 262, 270 (S.D.N.Y. 2006); Briggs v. Arthur Mott Real Estate LLC, 2006 WL 3314624 *3 (E.D.N.Y. 2006); Vogel v. American Kiosk Management, 371 F. Supp.2d 122, 128 (D. Conn. 2005). Dismissal is ordered because the FLSA plaintiff has identified no other class members

and is therefore held to pursue the action only on behalf of himself. Since the individual plaintiff has been offered the full relief sought, the offer of judgment renders the case moot. Ward, 455 F. Supp.3d at 270; Briggs, 2006 WL 3314624 *3; Vogel, 371 F. Supp.2d at 128; cf. Ambalu, 194 F.R.D. at 452 (Rule 68 offer of full relief in Fair Debt Collection Practices Act case renders action moot and subject to dismissal).

Arguing against application of these cases, Plaintiff takes the position that dismissal is unwarranted because it would violate the Congressional purpose underlying the collective action procedure which allows small claims to be heard together. Specifically, Plaintiff argues that allowing a defendant to pay a named plaintiff in a collective action his full damages would allow defendants to "pick off" named plaintiffs and destroy the collective action procedure. In support of his position, Plaintiff relies primarily on Weiss v. Regal Collections, 385 F.3d 377 (3d Cir. 2004).

Aside from the fact that Weiss is non-binding, the case is distinguishable because it was decided in the context of a class action maintained pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and not, as here, an FLSA collective action commenced pursuant to 29 U.S.C. § 216(b). In a Rule 23 action, once a class is certified, all those falling within the description of the class certified are deemed a part of the case and will be bound by the outcome unless they take the affirmative action of opting out of the matter. See FRCP 23(c)(2)(B) (setting forth notice to class members as to procedure for exclusion from the class). In contrast, an FLSA collective action requires members of the class to take the affirmative step of "opting in" to the action to be a part of the action and bound by its terms. Where no class member has opted in to the collective action, the named plaintiff is deemed to represent himself only. In such cases,

application of Rule 68 to moot a single plaintiff's claim creates no conflict with the policy underlying the collective action procedure. Vogel, 371 F. Supp.2d at 127; Ward, 455 F. Supp.2d at 267.

In this case, there is no question that the Rule 68 offer made to Plaintiff exceeds any actual damages claimed. The case has been pending for more than a year. No class has been certified and Plaintiff has not identified a single individual who seeks to become a part of the action. Under these circumstances, the Rule 68 offer of full damages renders deprives the plaintiff of his personal stake in the litigation and renders it moot. Accordingly, the case must be dismissed.

II. Rule 56 Motion for Summary Judgment

In light of the fact that this court has dismissed this case as moot under Rule 12, the court need not decide, and expresses no opinion as to whether Plaintiff was an exempt or non-exempt employee under the FLSA.

III. State Law Claims

Where, as here, the dismissal of a federal claim leaves only state law claims for adjudication, the court has the discretion to exercise supplemental jurisdiction over any remaining state claims. See 28 U.S.C. § 1367(c)(3). In such cases, the court should ordinarily decline the exercise of such jurisdiction. Bd. of Locomotive Engineers Div. 269 v. Long island Railroad Co., 85 F.3d 35, 39 (2d Cir. 1996). In light of the foregoing, the court declines to exercise jurisdiction over any remaining state claim and dismisses the case in its entirety. Accord Ward, 455 F. Supp.2d at 270.

## CONCLUSION

For the foregoing reasons, the court grants Defendants' motion, pursuant to Rule 12(b)(1) to dismiss the complaint and declines to exercise supplemental jurisdiction over any state law claim. The Clerk of the Court is directed to terminate the motion and to close the file in this matter.

SO ORDERED.

/s/ LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Central Islip, New York
April 16, 2007